FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 JUL 22 AM 9: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT EUGENE ALLEN,            )
                                )
        Petitioner,             )
                                )
v.                              ) CIVIL ACTION NO. 98-B-2324-NW
                                )
ARNOLD HOLT, Warden; ATTORNEY   )
GENERAL FOR THE STATE OF ALABAMA, )
                                )
        Respondents.            )

ENTERED

JUL 22 1999

## MEMORANDUM OF OPINION

In the July 14, 1999 Objections to the Magistrate's Report and Recommendation petitioner asserts that it would be a miscarriage of justice for the court to refuse to entertain the habeas petition because he is actually innocent. Petitioner refers the court to the trial testimony of his sister, Kathy Allen (see R. 306-310) who provided petitioner with an alibi. He further asserts that his other sister, Vickie Trapp, could have also provided alibi testimony. Ms. Trapp was allegedly unable to testify at trial as she was to have surgery and the court did not grant a continuance. Presumably, Ms. Trapp's anticipated testimony would have been cumulative to Ms. Allen's actual testimony. Such testimony, which was already before the jury, is not new evidence within the meaning of *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner's assertion of factual innocence is insufficient to require the court to entertain the habeas petition.

Further, petitioner asserts that he was delayed in filing his federal habeas petition by the fact that attorney Susan James had petitioner's "paperwork" from June 1996 until February 1997. In *Calderon v. United States District Court for Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997), *cert. denied*, ___ U.S. ___, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) the Ninth Circuit

10

held that the limitation period may be subject to equitable tolling if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."

The activity of petitioner's attorney does not constitute "extraordinary circumstances" beyond petitioner's control–particularly when this petitioner chose voluntarily to represent himself on direct appeal. (Respondents' Exhibit A, R.461-62, Respondents' Exhibit B).

Based on the foregoing the objections are due to be overruled. A separate final judgment consistent with this memorandum opinion and the magistrate judge's findings and recommendation will be entered simultaneously herewith.

DONE this the 22nd day of July, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE